Michael J. Duvall (SBN 276994)
Pooja L. Shah (SBN 330550)
Sabrina Chow (SBN 335273)
**DENTONS US LLP**
601 S. Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
michael.duvall@dentons.com
pooja.l.shah@dentons.com
sabrina.chow@dentons.com

Mark A. Silver (*pro hac vice* forthcoming)
Nathan L. Garroway (*pro hac vice* forthcoming)
**DENTONS US LLP**
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4671
mark.silver@dentons.com
nathan.garroway@dentons.com

Molly C. McGinley (*pro hac vice* forthcoming)
Michael J. Kraft (*pro hac vice* forthcoming)
**HONIGMAN LLP**
321 North Clark Street, Suite 500
Chicago, IL 60654
Telephone: (312) 701-9300
mmcginley@honigman.com
mkraft@honigman.com

Attorneys for Defendant
CENTENNIAL REAL ESTATE MANAGEMENT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

WILLIAM MARTIN, on behalf of himself and all others similarly situated,

Plaintiff,

v.

PGIM REAL ESTATE ADVISORS LLC and CENTENNIAL REAL ESTATE MANAGEMENT, LLC,

Defendants.

Case No. 8:26-cv-2115

**NOTICE OF REMOVAL UNDER CAFA, 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, AND 28 U.S.C. § 1453**

[From the Superior Court of California, County of Orange, Case No. 30-2026-01579979-CU-NP-CXC]

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1711, defendant Centennial Real Estate Management, LLC ("Centennial") hereby removes to this Court the civil action captioned *William Martin v. PGIM Real Estate Advisors LLC, et al.*, Case No. 30-2026-01579979-CU-NP-CXC, which is currently pending in the Superior Court of the State of California, County of Orange (the "State Court"). As grounds for removal, Centennial states as follows:

1. Centennial exercises its rights under 28 U.S.C. §§ 1332, 1441, 1446, and 1453 to remove this case from the State Court where it is currently pending under the name and style *William Martin v. PGIM Real Estate Advisors LLC, et al.*, Case No. 30-2026-01579979-CU-NP-CXC.

2. Section 1441(a) provides that any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the federal district court embracing the place where the state action is pending.

3. This is a civil action instituted in the Superior Court of the State of California, County of Orange and has not been tried. On or about June 23, 2026, plaintiff William Martin ("Plaintiff") filed a Class Action Complaint against Centennial and PGIM Real Estate Advisors LLC (collectively, "Defendants") in the State Court.

4. Section 1453(b) provides that "[a] class action may be removed to a district court of the United States in accordance with section 1446 . . ., without regard to whether any defendant is a citizen of the State in which the action is brought,

except that such action may be removed by any defendant without the consent of all defendants."

5. As set forth below, Centennial received a copy of the Summons and Complaint on July 7, 2026. This Notice of Removal is therefore timely pursuant to 28 U.S.C. §§ 1446(b) and 1453.

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the entire State Court file, including the Complaint, Civil Case Cover Sheet, Summons, and copies of all additional records and proceedings, is attached hereto as Exhibit A.

7. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1441 and 1453 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that Plaintiff's action constitutes a class action (as defined in 28 U.S.C. § 1332(d)(1)(B)) pursuant to the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA").

## SUBJECT MATTER JURISDICTION

## THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d)(2), 1453

8. As set forth below, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d)(2) because: (i) this case is a class action as defined in 28 U.S.C. § 1332(d)(1)(B); (ii) at least one member of the putative class is a citizen of a state different from any defendant; and (iii) the amount in controversy exceeds $5 million.

### I. The Minimal Diversity of Citizenship Requirement is Satisfied.

9. This action is removable pursuant to CAFA. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law where: (1) the amount in controversy exceeds $5 million; (2) any plaintiff class member is a citizen of a state different from any defendant; (3) the

primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of plaintiffs in the class is at least 100 persons. 28 U.S.C. §§ 1332(d)(2), (d)(5).

10. At the time Plaintiff commenced this action against Defendants in the State Court, and now at the time of removal, there was and is minimal diversity of jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2)(A).

11. CAFA provides that the minimal diversity requirement is met if any member of a class of plaintiffs is a citizen of a state different from any defendant. *Id.* This requirement is met here.

12. The Complaint identifies the Plaintiff as a resident of Orange County, California, *see* Complaint ("Compl.") ¶ 17, and proposes a putative class of plaintiffs who are California citizens. *Id.* ¶ 111.

13. Centennial is a Texas limited liability company with its principal place of business in Texas. *Id.* ¶ 29.

14. For purposes of diversity under CAFA, a limited liability company is an "unincorporated association" whose dual citizenship is determined by location of the principal place of business and location under whose laws it is organized. 28 U.S.C. § 1332(d)(10); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714–15 (N.D. Cal. 2021) (confirming that, under CAFA, an LLC's citizenship is based on its principal place of business, not the citizenship of its members).

15. Centennial is thus a citizen of Texas, which is different from the state of citizenship of the named Plaintiff identified in the Complaint. Accordingly, diversity of citizenship is established under 28 U.S.C. § 1332(d)(2)(A).

## II. The Amount in Controversy Requirement Under CAFA is Satisfied Because the Aggregate Amount Exceeds $5 Million.

16. Plaintiff has placed more than $5,000,000 in controversy. For purposes of CAFA jurisdiction, the Court considers the aggregate relief sought by the class, not the claims of the lead plaintiff or any individual class member standing alone. 28 U.S.C. § 1332(d)(6).

17. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy has been met." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). At the removal stage, however, Defendants need file only a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if a plaintiff seeks remand or the Court questions the allegations of the notice of removal is supporting evidence required. *Id.* Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 87.

18. In assessing the amount in controversy, a removing defendant is permitted to rely on "a chain of reasoning that includes assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citation and quotation omitted). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.*

19. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Id.* (citation and quotation omitted). "In that sense, the amount in controversy reflects

the *maximum* recovery the plaintiff could reasonably recover." *Id.* (emphasis in original).

20. Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1200 n.1 (9th Cir. 2015). "This is so because [the defendant is] not stipulating to damages suffered, but only estimating the damages that are in controversy." *Id.* Here, Centennial denies the validity and merit of the entirety of Plaintiff's claims, but for purposes of removal only, and without conceding that Plaintiff or the putative class members are entitled to any damages or penalties, Plaintiff's allegations clearly place a sufficient amount in controversy, as explained below.

21. CAFA's legislative history makes clear that doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *See, e.g.*, Senate Report No. 109-14, Vol. 151, 2005 WL 627977, at *43 (Feb. 28, 2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions."); *see also Dart Cherokee*, 574 U.S. at 89 ("[N]o antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court.").

22. The Complaint seeks relief for, *inter alia*, purported violations of California's Automatic License Plate Reader ("ALPR") Privacy Act, Cal. Civ. Code §§ 1798.90.5 *et seq.* ("ALPR Law"). *See* Compl. ¶ 16.

23. Plaintiff alleges that Defendants violated the ALPR Law by, *inter alia*, accessing and using the ALPR information of Plaintiff and class members without

authorization and failing to implement and publicly post a usage and privacy policy compliant with the ALPR Law. *See id.* ¶¶ 127–31, 135–39.

24. Plaintiff and each class member seek "the greater of their actual damages or statutory liquidated damages of $2,500." *Id.* ¶¶ 133, 141. Plaintiff also seeks punitive damages, attorney's fees and costs, and injunctive relief. *Id.*

25. As a threshold matter, a removing defendant may aggregate all of a plaintiff's claims to determine the total amount of controversy. *See* 28 U.S.C. § 1332(d)(6) (under CAFA, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds $5 million, exclusive of interest and costs).

26. The ALPR Law provides that "an individual who has been harmed by a violation of" the ALPR Law may be awarded "[a]ctual damages, but not less than liquidated damages in the amount of two thousand five hundred dollars ($2,500)." *See* Cal. Civ. Code § 1798.90.54(b)(1).

27. Plaintiff alleges that the class harmed by Defendants' violations of the ALPR Law includes "thousands of vehicles . . . weekly." Compl. ¶ 114.

28. Based on Plaintiff's allegations that the class includes the owners and/or operators of "*thousands* of vehicles . . . weekly," *id.* ¶ 114 (emphasis added), the amount in controversy threshold is easily exceeded. Plaintiff alleges that each individual harmed by Defendants' alleged violations of the ALPR Law is entitled to at least $2,500 in liquidated damages. *Id.* ¶ 133.

29. In considering whether the amount in controversy is met in actions seeking statutory penalties, courts may consider the statutory maximum penalty available under the claims asserted. *See Morey v. Louis Vuitton N. Am., Inc.*, 461 Fed. Appx. 642, 643 (9th Cir. 2011) (CAFA amount-in-controversy satisfied where "complaint sought [statutory] penalties of 'up to ... $1,000 per violation'").

30. Thus, the amount in controversy far exceeds the $5,000,000 to satisfy CAFA's amount in controversy requirement (i.e., $2,500 in statutory damages per violation multiplied by 2,000 putative class members alone is $5,000,000).

31. In addition, Plaintiff seeks attorney's fees. *Id.* ¶ 133. Attorney's fees should also be included in calculating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). While Centennial denies that Plaintiff is entitled to attorney's fees, for purposes of removal, the Ninth Circuit has approved a benchmark rate of twenty-five percent of the potential damages as the amount of attorney's fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorney's fees is 25 percent of the common fund). If the amount in controversy is $5 million, a 25 percent attorney's fees award would be another $1.25 million—even further above the CAFA threshold.

32. Accordingly, Plaintiff and his purported class have placed in controversy at least $5 million in damages and the $5 million amount in controversy threshold thus is satisfied for purposes of 28 U.S.C. § 1332(d)(6).

## **PROCEDURAL COMPLIANCE**

33. In accordance with the requirements of 28 U.S.C. § 1446(b), a Notice of Removal should be filed within thirty (30) days after the service on Centennial of the Summons and Complaint. Centennial's registered agent received the Summons and Complaint on July 7, 2026. *See* Exhibit B, Proof of Service of Summons.

34. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court to the United States District Court for the Central District of California, which embraces the place where the action is pending.

35. The United States District Court for the Central District of California embraces the county in which the State Court action is now pending and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 84(b).

36. Assignment to the Southern Division of this Court is appropriate because the State Court action was pending in Orange County.

37. No previous application has been made for the relief requested herein.

38. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all process, pleadings, and orders served upon Centennial or otherwise filed in the State Court case.

39. Written notice of the filing of this Notice of Removal will be served upon counsel for Plaintiff as required by law.

40. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon counsel for Plaintiff.

WHEREFORE, defendant Centennial Real Estate Management, LLC hereby requests that this case be removed from the State Court, where it is now pending, to this Court.

Dated: August 5, 2026

**DENTONS US LLP**

By: [signature]
Pooja L. Shah

Michael J. Duvall (SBN 276994)
Pooja L. Shah (SBN 330550)
Sabrina Chow (SBN 335273)
**DENTONS US LLP**
601 S. Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
michael.duvall@dentons.com
pooja.l.shah@dentons.com
sabrina.chow@dentons.com

Mark A. Silver (*pro hac vice* forthcoming)
Nathan L. Garroway (*pro hac vice* forthcoming)
**DENTONS US LLP**
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-4671
mark.silver@dentons.com
nathan.garroway@dentons.com

Molly C. McGinley (*pro hac vice* forthcoming)
Michael J. Kraft (*pro hac vice* forthcoming)
**HONIGMAN LLP**
321 North Clark Street, Suite 500
Chicago, IL 60654
Telephone: (312) 701-9300
mmcginley@honigman.com
mkraft@honigman.com

*Attorneys for Defendant Centennial Real Estate Management, LLC*